## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**COURT FILE NO.: _____**

Amy Shelly,
    Plaintiff

v.

Harvest Credit Management III, LLC; Machol & Johannes, LLC,
    Defendants

_____

## COMPLAINT AND JURY DEMAND
_____

## JURISDICTION

1.    This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendants' collection efforts. Jurisdiction is proper before this Court pursuant to 15 U.S.C. § 1692k(d).

## VENUE

2. Venue is proper before this Court as the acts and transactions giving rise to this suit occurred in this State, because Plaintiff resides in this State, and because Defendants transact business in this State.

## PARTIES

3. Plaintiff, Amy Shelly (hereinafter "Plaintiff"), is a natural person residing in Colorado.

4. Defendants, Harvest Credit Management III, LLC; Machol & Johannes, LLC (hereinafter "Defendant"), were engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendants regularly attempt to collect debts alleged to be due another, and therefore are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the year preceding the filing of this complaint, Defendants contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Defendants filed suit based upon a debt allegedly owed by Plaintiff. Said debt had been previously discharged in bankruptcy.

7. Defendants' proof of service on the action for the debt indicated that it served Plaintiff's spouse, "Aaron"; however Plaintiff's spouse was "Richard" and never resided nor knew of anyone who resided at the address listed on the proof of service.

8. Plaintiff resides in Jefferson County; however the action for the debt was filed in Denver County. The address indicated on the proof of service is not the address where Plaintiff resides, nor has Plaintiff ever resided at the address indicated, nor does Plaintiff know of anyone who resides at the address indicated. Based upon the misrepresentations of Defendant, a judgment was entered against Plaintiff.

9. Following the entry of judgment, Defendants garnished Plaintiff's bank account in amount of $785.26. Plaintiff incurred a garnishment fee of $100.00, and incurred approximately an additional $975.00 in overdraft charges.

10. Defendants' conduct violated the FDCPA in multiple ways, including but not limited to:

    a) Bringing a legal action against Plaintiff on a debt in a judicial district other than the judicial district where Plaintiff signed the contract sued upon or the judicial district in which Plaintiff resided at the commencement of the action, in violation of 15 USC § 1692i(a)(2);

    b) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including garnishing Plaintiff's wages pursuant to a lawsuit filed in an improper jurisdiction, in violation of 15 USC § 1692f;

    c) Falsely representing the character, amount, or legal status of Plaintiff's debt, including stating Plaintiff owes a debt and filing a lawsuit against Plaintiff for a debt which was discharged in bankruptcy, in violation of 15 USC § 1692e(2)(A); and

    d) Using false, deceptive, or misleading representations or means in connection with collection of a debt, including failing to give Plaintiff legal notice concurrent with garnishment of her bank account, in violation of 15 USC § 1692e.

## TRIAL BY JURY

7. Plaintiff is entitled to and hereby demands a trial by jury.

## COUNT 1, FDCPA VIOLATIONS

8. The previous paragraphs are reincorporated by reference as though they were fully set forth herein.

9. The acts described above constitute a violation of the FDCPA, and these acts were done willfully and intentionally.

10. Plaintiff is entitled to actual and statutory damages for the above pursuant to §1692(k).

## **PRAYER**

**WHEREFORE,** Plaintiff prays this Honorable Court grant the following:

A. a declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Punitive Damages;

D. Statutory damages pursuant to 15 U.S.C. § 1692k;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

F. Such other and further relief as may be just and proper.

                                                  **Respectfully submitted,**

June 19, 2009                   **/s/ Tammy Hussin**
                                      **Tammy Hussin**
                                      **Weisberg & Meyers LLC**
                                      **6455 Pyrus Place**
                                      **Carlsbad, CA 92011**
                                      **866 565 1327 facsimile**
                                      **thussin@AttorneysForConsumers.com**